UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-cr-20564

v.

DEVIN JAMES POPE, Sr.,

    *Defendant*.

_____/

# **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      ___   18 U.S.C. § 3142(f)(2).

XX   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___   (1)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

\_\_ (2) The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

\_\_ (3) A period of less than five years has elapsed since

\_\_ the date of conviction, **or**

\_\_ Defendant's release from prison for the offense described in finding (B)(1).

\_\_ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.     Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

\_\_ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

\_\_ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

\_\_ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

\_\_ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

\_\_ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

\_\_ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.     Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

\_\_ (1) There is a serious risk that Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

XX     (2)     There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

\_\_     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

       The Government moves to detain, and all parties acknowledge that none of the presumptions in favor of detention apply. Defense counsel argues that the only ground upon which the Government can move for detention is that set forth in 18 U.S.C. § 3142(f)(2)(A), namely, that there is a serious risk that Defendant would flee. While that argument is not without merit, I conclude that there are at least two alternative grounds which support this motion. The first is 18 U.S.C. § 3142(f)(2)(B), which applies when there is a serious risk that the person will "threaten, injure, or intimidate or attempt to threaten, injure or intimidate, a prospective witness . . . ." In this case, the victim is herself the primary witness. As a result, I conclude that the Government could properly assert this provision as support for a motion to detain. Moreover, this same section authorizes this judicial officer to convene a detention hearing on my own

motion. In light of the charge and the victim's status as the primary witness, I find on my own motion that a detention hearing is appropriate.

A second alternative basis for the Government's motion appears to be 18 U.S.C. § 3142(f)(1)(A), which allows the Government to move for detention in a case involving a "crime of violence." § 3156(a)(4)(A) defines a "crime of violence" for the purposes of the Bail Reform Act as "an offense that has an element of the offense the use . . . of physical force . . . ." I find that the instant offense clearly qualifies and that defense counsel's arguments to the contrary are unavailing.

Having found that a motion to detain is appropriately made and that a hearing is necessary, I will review Defendant's circumstances pursuant to the factors set forth in 18 U.S.C. § 3142(g). As to subsections (g)(1) and (g)(2), I note that the crime charged involves a domestic assault by an habitual offender, and that from the grand jury having passed an Indictment, there is a definite weight of evidence, rising at least to the level of probable cause, supporting these charges.

As to subsection (g)(3), I note that Defendant is 26 years of age. At the time of his arrest, he was residing in Mount Pleasant, Michigan, with his girlfriend. He previously resided at two other addresses in the Mount Pleasant area for approximately 8 months prior to his arrest. His previous employment included work as an underground subcontractor, as well as work for a lawn care business. Defendant conceded to Pretrial Services that he had a serious drinking problem, and his counsel as much as confirmed that fact during his proffer. Defendant also conceded to Pretrial Services that he had been using opiates, although the length of time of that abuse is not clear on the evidence presented.

In 2000, Defendant pled guilty to misdemeanor unlawful use of a motor vehicle. He was sentenced to 45 days' custody and two years' probation, along with a fine. The Pretrial Services report indicates that Defendant violated his probation in 2003 and was sentenced to one year

and four months to two years' custody.  Although not reflected in the Pretrial Services report, I was informed by the Pretrial Services officer that Defendant's tribal records reflect a 2003 domestic assault conviction for which Defendant was placed on probation.  In July 2003, Defendant was charged with felony obstructing and pled guilty to felony uttering and publishing.  He was sentenced to one year and six months to 14 years' custody.  I note that this offense took place while Defendant was on probation from the previously-listed convictions.

In 2009, while Defendant was on parole from the earlier felony conviction, he pled *nolo contendere* to misdemeanor domestic assault.  The Government represents that the victim of that assault is the same victim in this Indictment.  Defendant was sentenced to 45 days' custody and 12 months' probation.  In October 2009, while on both this probation and on parole, Defendant was charged and pled guilty to a misdemeanor for leaving the scene of a personal injury accident.  He was sentenced to a brief period of custody and placed on probation.  Again while on probation and parole, Defendant pled guilty to operating under the influence and was sentenced to 45 days' custody and fines.  In July 2010, Defendant was again charged with misdemeanor domestic assault involving the same victim as the previous assault.  Defendant pled *nolo contendere* to domestic violence second offense and was sentenced to 30 days' custody and 24 months' probation.

The Government proffers that Defendant was under an order prohibiting contact between himself and the victim and yet continued to have contact with the victim while incarcerated.  The Government proffers that there were numerous phone calls between Defendant and the victim, which the Government believes is in violation of the no contact order.  Defense counsel proffers that it is Defendant's understanding that this order only came into effect if Defendant were placed on bond, and was not applicable while he was in custody.  Whether or not Defendant was in violation of the no contact order, a review of the evidence presented convincingly

indicates that Defendant has a consistent history of failure to abide by the terms of probation or parole supervision.

Counsel for Defendant proffers that Defendant could be bonded to his mother's address, and since she lives some distance from the victim, conditions could be crafted which would minimize any threat to the victim. However, in light of Defendant's consistent failure to abide by any form of court supervision, I conclude that the potential threat to the victim were Defendant to be released vitiates the effectiveness of any combination of bond conditions. Defendant's prior history convinces me that there are no conditions nor any combination of conditions that I could set which would adequately protect the victim, and for that reason the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: September 30, 2010

## **CERTIFICATION**

  I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: September 30, 2010      By  *s/Jean L. Broucek*
                  Case Manager to Magistrate Judge Binder