UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING** |
| v. | CASE NUMBER: 10-20564 |
| DEVIN JAMES POPE, SR. _____/ | |

## I. Procedural background

On March 23, 2011, a Judgment was entered by U.S. District Judge Thomas L. Ludington, committing Defendant to the Bureau of Prisons for a term of 44 months incarceration for Domestic Assault by a Habitual Offender under 18 U.S.C. §§ 117 and 1151. (Doc. 24.)

On April 25, 2014, Defendant was brought before the court on an initial appearance for an alleged violation of supervised release conditions pursuant to an Order with petition for issuance of warrant and warrant for arrest issued by U.S. District Judge Thomas L. Ludington. (Docs. 26, 27.) Defendant was informed of the following rights:

(1) right to receive written notice of violation(s) and Defendant acknowledged receipt of the same;

(2) the right to hearings conducted by the sentencing Judge to determine if Defendant is guilty of the alleged violations;

(3) the right to retain counsel or to request that counsel be appointed if Defendant cannot afford counsel;

(4) if Defendant is held in custody, the right to a prompt preliminary hearing to determine if probable cause supports the alleged violations under FED. R. CRIM. P.

32.1(a)(3) and (b)(1); Defendant was also informed that this preliminary hearing may be waived.

Counsel for Defendant was appointed and present at the initial appearance and counsel indicated a desire to proceed with a preliminary hearing under Rule 32.1(b)(1). Accordingly, a preliminary hearing was scheduled. The undersigned issued an Order of detention pending supervised release hearings on April 25, 2013. (Doc. 29.) On April 29, Defendant filed a motion for reconsideration of that Order. (Doc. 31.) That motion was granted.

On April 30, 2014, Defendant appeared before the Court, waived his right to a preliminary hearing under Rule 32.1, and the Court reconsidered the issue of detention or release and hereby makes the following findings:

## II.     Detention or release standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain the defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under FED. R. CRIM. P. 32.1(a)(6) "[t]he burden of establishing that the person will not flee or pose a danger to any person or to the community rests with the person."

## III.    Detention findings

In the instant case, Defendant Pope's underlying conviction was for Domestic Assault

by a Habitual Offender under 18 U.S.C. §§ 117 and 1151. I am guided by the factors set forth in 18 U.S.C. 3142(g).  As to the nature of the offense, the underlying conviction is for a crime of violence under 18 U.S.C. § 3142(f)(1)(A).  As to the weight of the evidence, Defendant waived his right to a preliminary hearing under Rule 32.1, thus, conceding that probable cause supports the supervised release violation charges.  As to the history and characteristics of the person, I note that Defendant has family ties, and has made some movement toward seeking help for substance abuse issue.  The court encourages Defendant to remain close with family and work toward being a responsible father.

Defendant was completely released from all forms of confinement in December of 2013. In the several months that followed, Defendant is alleged to have used alcohol on January 2, 2014, and February 18, 2014.  In addition, he is alleged to have possessed marijuana on February 6, 2014, and March 11, 2014.  I find that this does not show that Defendant slipped once but rather shows a pattern of an inability to avoid abusing substances even when he is aware that he is under supervision. I therefore find that Defendant should be detained because Defendant has not met his high burden to show, by clear and convincing evidence, that he is not likely to flee or pose a danger if released under § 3142(b) or (c).

## IV.    Order

I **ORDER** the detention of the defendant without bail pending the supervised release violation hearing, which is scheduled for **THURSDAY, MAY 8, 2014, at 3:00 p.m. before District Judge Ludington**.


Date:  May 1, 2014                           /S PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, served on counsel of record through the Court's CM/ECF system; and served on Probation Officer Romeo and the U.S. Marshals Service by other electronic means.

Dated: May 1, 2014                    *s/Jean L. Broucek*
                                      Case Manager to Magistrate Judge Morris

4